U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 1 3 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NOE MAURICIO BARRERA ROMERO | CIVIL ACTION NO. 1:16-CV-00148 SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| DAVID COLE, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Petitioner Noe Mauricio Barrera-Romero ("Barrera") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by on February 1, 2016 (Doc. 1), Barrera contests his continued detention pending the outcome of his removal proceedings.

On March 3, 2016, Barrera filed a Motion for Preliminary Injunction (Doc. 6), asking the Court to enjoin Respondents from continuing to detain him during the pendency of his removal proceedings or, in the alternative, to grant Barrera an individualized detention hearing or order Respondents to grant Barrera such a hearing. Barrera requests essentially identical relief in both his Motion and his Petition. Barrera's Motion is an apparent attempt to obtain consideration of his Petition – and more to the point, release from custody – before the Respondents have an opportunity to file a response to the Petition.

In order for Barrera to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party;

and (4) that the injunction will not disserve the public interest. Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In the instant case, Barrera has not alleged specific facts to show that irreparable injury, loss, or damage will result to him if he is not released from detention before the Court has an opportunity to fully review his case. Barrera's sole contention regarding irreparable injury is that "Respondents' prolonged detention . . . is depriving him of his liberty without due process of law," which is, "in and of itself, irreparable harm." (Doc. 6-1, p. 14). Barrera's bare allegation presupposes the outcomes of both this and other immigration proceedings referenced below. Further, Barrera's allegation rests upon citations to two cases which are neither binding upon this Court nor supportive of Barrera's argument.[1]

Further, Barrera is currently awaiting a hearing before an Immigration Judge on May 11, 2016 (Doc. 6-1). Barrera served all Respondents less than 60 days ago. (Docs. 5, 8, 9). Pursuant to an order of this Court, Respondents have sixty days to respond to the Petition (Doc. 3). Barrera's hearing before the immigration judge will purportedly occur within that timeframe, and that hearing may inform Respondents' position before this Court. After the Respondents appear and Barrera has an

---

[1] Neither of the cases cited by Barrera arose from the habeas corpus context, or even to immigration comparable to Barrera's. The first case dealt with Latino motorists who established, at a summary judgment hearing, that law enforcement officers intended to detain drivers, in violation of the Fourth Amendment, "solely because of their immigration status – a purely civil matter." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir.2012). The other dealt with Texas officials' refusal to issue a marriage license to, or recognize the out-of-state marriages of, same-sex couples. De Leon v. Perry, 975 F.Supp.2d 632, 663 (W.D. Tex.2014) aff'd sub nom. De Leon v. Abbott, 791 F.3d 619 (5th Cir. 2015). Neither case indicates that the bare fact of Barrera's detention is necessarily unconstitutional, or otherwise indicative of irreparable harm, particularly in light of Barrera's pending Petition before this Court and upcoming proceedings before an immigration judge.

opportunity to file a reply, the undersigned will give careful consideration to all of the evidence in this case and issue a Report and Recommendation. However, at this point, Barrera has failed to establish that he is entitled to injunctive relief.

Counsel for Barrera, through phone calls to the undersigned's chambers, also contends the Petition has not been addressed within the time limits set forth in 28 U.S.C. § 2243.[2] However, it is well settled that the strict time limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4[3] of the Rules Governing § 2254 Cases.[4] See Baker v. Middlebrooks, 2008 WL 938725, at *1 (N.D. Fla. 2008) (allowing sixty days to respond to a § 2241 habeas petition); see also McMullen v. Caldwell, 2015 WL 1976402 (M.D. Ga. 2015); Hendon v. Burton, 2014 WL 8186698 (E.D. Mich. 2014); Oliphant v. Quiros, 2010 WL 2011026 (D. Conn. 2010); Hickey v. Adler, 1:08CV00826OWWTAGHC, 2008 WL 3835764, at *1 (E.D. Cal. Aug. 15, 2008) (allowing sixty days to respond to a § 2241 petition); Castillo v. Pratt, 162 F.Supp.2d 575, 576 (N.D. Tex. 2001) ("The discretion accorded by Rule 4 of the 2254 Rules 'prevails' over the strict time limits of 28 U.S.C. § 2243."). Although the Court recognizes Barrera's position regarding the length and

---

[2] "The writ or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause, additional time, not exceeding twenty days, is allowed." See 28 U.S.C. § 2243, ¶2.

[3] Rule 4 of the Rules Governing § 2254 Cases states that, if the petition is not dismissed, the judge must order the Respondent to file an answer, motion, or other response within a fixed time. The Advisory Committee Notes to Rule 4, ¶4, discuss the Court's "greater flexibility [under Rule 4] than under § 2243 in determining within what time period an answer must be made."

[4] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, *2 (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W.Va. 1997).

3

impropriety of his detention, allowing Respondents time to answer his Petition – and conducting a full review of all available and pertinent evidence – is warranted, commonplace according to the cases reviewed above, and reasonable under Rule 4.

Finally, the Court originally scheduled a hearing on Barrera's Motion for April 19, 2016. (Doc. 11). Counsel for Barrera recently contacted the undersigned's chambers and indicated – correctly, as it turns out – that counsel for Respondents may not have been notified of these proceedings, including the hearing, because Respondents had not yet made an appearance. The Court originally considered rescheduling the hearing until after Respondents had appeared. When contacted for available dates, however, counsel for Barrera objected to further delays.

As explained above, Respondents should, and will, be given 60 days to respond to the Petition pursuant to the Court's prior order. As also explained above, Barrera is not entitled to injunctive relief at this time. Once all parties have briefed this matter in accordance with the Court's prior order, the Court will revisit both Barrera's request for injunctive relief (along with the remaining claims in the Petition), and the potential need for a hearing. The parties also remain free to request a hearing if desired.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Barrera's Motion for Preliminary Injunction (Doc. 6) be DENIED at this time.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report

and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 13 day of April 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

5