RECEIVED
AUG 1 9 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| NOE MAURICIO BARRERA-ROMERO | CIVIL ACTION NO. 1:16-CV-00148 |
| VERSUS | JUDGE TRIMBLE |
| DAVID COLE, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Noe Mauricio Barrera-Romero ("Barrera-Romero") on February 1, 2016 (Doc. 1). Barrera-Romero seeks release from custody pending a final judgment in his removal proceedings (Doc. 1). Barrera-Romero, a native and citizen of El Salvador, originally arrived in the United States in about 2003, was ordered removed in absentia by an Immigration Judge ("IJ") in New York City on June 12, 2008, and "self-deported" in 2011 (Doc. 1-2, pp. 33-34/44). Barrera-Romero contends he was unaware of the removal order at that time (Doc. 1-2, pp. 33-34/44). Barrera-Romero illegally reentered the United States on about December 6, 2014 and was taken into custody (Doc. 1-2, p. 34/55). The U.S. Immigration and Customs Enforcement ("ICE") reinstated the earlier removal order on December 15, 2014[1] (Doc. 1-2, p. 4/55; Doc. 14-3).

---

[1] See 8 U.S.C. 1231(a)(5) Reinstatement of removal orders against aliens illegally reentering:
If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

When he was taken into custody, Barrera-Romero expressed a fear of returning to his country and was interviewed by an asylum officer[2] (Doc. 1-2, p. 34/55). On March 5, 2015, a Decision to Continue Detention was issued, (Doc. 14-4). A Reasonable Fear Determination was issued by the asylum officer on March 20, 2015 (Doc. 1-2, pp. 26-28/55) and the case was referred to an Immigration Judge (Doc. 1-2, p. 30/55). On July 20, 2015, an Immigration Judge denied Barrera-Romero's application for withholding pursuant to the INA and the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman of Degrading Treatment or Punishment ("CAT")[3] (Doc. 1-2, pp. 33-46/55). Barrera-Romero appealed.

On June 18, 2015, a Decision to Continue Detention was issued that stated that Barrera-Romero would remain in ICE custody pending a ruling on his reasonable fear claim, because ICE was "unable to move forward" with the removal (Doc. 14-5). On September 15, 2015 and January 4, 2016, two more Decisions to Continue Detention were issued on the same ground (Docs. 14-6, 14-7).

On January 7, 2016, the Board of Immigration Appeals ("BIA") vacated the Immigration Judge's decision and remanded the case for further proceedings (Doc. 1-2, pp. 50-53/55). A second hearing was held on May 11, 2016, and the Immigration Judge again denied Barrera-Romero's application for withholding of removal and

---

[2] See 8 C.F.R. § 1241.8, setting forth the procedures for reinstatement of a removal order.

[3] See 8 C.F.R. §§ 1208.16-1208.18.

2

relief under CAT (Doc. 19-1, p. 57/61). Barrera-Romero again appealed the IJ's decision to the BIA (Doc. 19-1, p. 58/61; Doc. 22-1, p. 35/53). That appeal is pending.

Motion to Dismiss

Respondents filed a motion to dismiss the petition (Doc. 14), arguing that Barrera-Romero's reinstituted removal order is final under 8 U.S.C. § 1231(a)(5), and that Barrera-Romero is being detained pursuant to 8 U.S.C. § 1231(a)(6).[4] Respondents contend the withholding of removal proceedings do not effect the finality of Barrera-Romero's removal order.

Barrera-Romero contends his detention order is not final, he is being detained pursuant to 8 U.S. C. § 1226(a),[5] and he is entitled to a bond hearing.

---

[4] 8 U.S.C. § 1231(a)(6) states:
  (a) Detention, release, and removal of aliens ordered removed
    6) Inadmissible or criminal aliens
    An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

[5] 8 U.S.C. § 1226(a) states:
  (a) Arrest, detention, and release
    On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General--
    (1) may continue to detain the arrested alien; and
    (2) may release the alien on--
      (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
      (B) conditional parole; but
    (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

3

1. <u>Barrera-Romero's Removal Order is Final for Purposes of Detention</u>

For purposes of judicial review, a reinstated removal order is not final if it cannot be executed due to other ongoing proceedings, such as withholding of removal, reasonable fear, or security and background checks. See <u>Ponce-Osorio v. Johnson</u>, __F.3d__, 2016 WL 3063299, *3-4 (5th Cir. 2016) (citing <u>Luna-Garcia v. Holder</u>, 777 F.3d 1182, 1185-86 (10th Cir. 2015)). Where an alien pursues a reasonable fear proceeding following initial reinstatement of a prior order of removal, the reinstated removal order does not become final until the reasonable fear proceeding is completed. See <u>Luna-Garcia</u>, 777 F.3d at 1185-86; see also <u>Lucas v. U.S. Attorney General</u>, __Fed.Appx.__, 2016 WL 3345530, *2 (11th Cir. 2016) (citing <u>Jimenez-Morales v. U.S. Attorney General</u>, 821 F.3d 1307, 1308 (11th Cir. 2016); <u>Stoddart v. Attorney General</u>, 627 F.3d 94, 96-97 (2d Cir. 2015). When the BIA issues a "mixed decision" (affirming in part and remanding in part), no aspect of the BIA's decision is final for purposes of judicial review. <u>Ponce-Osorio</u>, 2016 WL 3063299, *4 (citing <u>Abdisalan v. Holder</u>, 774 F.3d 517, 524-525 (9th Cir. 2014), as amended (January 6, 2015).

The circuit courts in <u>Luna-Garcia</u>, <u>Ponce-Osorio</u>, <u>Lucas</u>, and <u>Jimenez-Morales</u> did not consider finality of the removal order in the context of detention. They only considered the appellate court's jurisdiction to review the removal order.

For purposes of detention, some district courts have created a distinction between a "judicially final" removal order that is ripe for judicial review, and an "administratively final" reinstated removal order that may not be ripe for judicial

review due to other ongoing administrative proceedings (as described above), but is otherwise considered a final order for purposes of detention pursuant to § 1231(5). According to those courts, a reinstated removal order may be "administratively final" for purposes of detention without being "judicially final" for purposes of the court's jurisdiction. Those cases have found that an alien subject to a reinstated removal order is detained pursuant to § 1231(6). See Reyes v. Lynch, 2015 WL 5081597, *3-6 (D. Colo. 2015) (alien's continued detention by the Attorney General is authorized and controlled by 8 U.S.C § 1231, and alien is not entitled to an individualized bond hearing under 8 U.S.C. § 1226); Padilla-Ramirez v. Bible, __F.Supp.3d__, 2016 WL 1555679, *4-5 (D. Id. 2016), appeal filed (9th Cir. 2016) (an alien subject to reinstated removal order who is in withholding-of-removal proceedings is detained pursuant to § 1231(a) and not § 1226); Acevedo-Rojas v. Clark, 2014 WL 6908540, *5 (W.D. Wa. 2014) (because the outcome of the withholding-only proceedings does not affect the validity of the reinstated removal order, these are two separate inquiries, and alien subject to reinstated removal order who is in withholding-of-removal proceedings is detained pursuant to § 1231(a)); Castaneda v. Aitken, 2015 WL 3882755, *5 (N.D. Ca. 2015) (reinstated order of removal is administratively final where there are ongoing withholding of removal proceedings and detention is authorized by § 1231(a)(6), not by § 1226(a)).

However, in Guerra v. Shanahan, __F.3d__, 2016 WL 4056035, *4 (2d Cir. 2016), the Second Circuit considered detention of an alien who is subject to a reinstated removal order and refused to recognize different "tiers" of finality of an

administrative decision. The Second Circuit held that, when a reinstated removal order issued against an alien is not administratively final (in that case, due to pending withholding of removal proceedings), his detention is governed by § 1226 and not § 1231. The Second Circuit quoted § 1226(a), which authorizes detention for aliens "pending a decision on whether they are to be removed." See Guerra, 2016 WL 4056035 at *3; see also Mendoza v. Asher, 2014 WL 8397145, *2 (W.D.WA 2014) (if a reinstated removal order is not administratively final due to reasonable fear proceedings, the alien is detained pursuant to § 1226(a)).

In Guerra, the Second Circuit incorrectly concluded that an alien subject to a reinstated removal order, who has instituted withholding of removal and reasonable fear proceedings, is detained pursuant to § 1226. The order in which the statutes are set forth indicates that § 1226 does not apply to aliens who have already been ordered removed. Section 1226 is titled "Apprehension and detention of aliens" and precedes the sections governing the removal proceedings (§§ 1228-1229a), indicating that it applies to pre-removal order detention. Section 1231 is titled "Detention and removal of aliens ordered removed" and follows the sections governing removal proceedings, indicating that it applies to post-removal order detention.

The Second Circuit also reasoned that the withholding of removal proceeding is part of the removal proceeding itself because it can effectively cancel the removal order. See Guerra, 2016 WL 4056035 at *3. However, the statutes indicate that a withholding of removal or reasonable fear proceeding is not part of the removal proceeding. Not only do withholding of removal and reasonable fear proceedings have

6

procedures and hearings separate from removal proceedings, see 8 C.F.R. §§ 1208.1-1208.24, 1208.30-1208.31; 8 U.S.C. §§ 1228-1229b, but the regulations provide that a removal order may not be executed while such other proceedings are pending, 8 C.F.R. § 241.8. A withholding of removal or reasonable fear determination does not "cancel" a removal order, but instead creates an exception to it, as stated in the regulations. See 8 C.F.R. § 241.8. Therefore, an alien subject to a reinstated removal order is detained pursuant to § 1231, regardless of whether the alien has initiated withholding of removal proceedings.

The reasoning of the district courts, that the issue of detention has no bearing on the issue of removal and no effect on the validity of a removal order, appears to be correct. Detention is a separate issue and proceeding from removal. See also Rizo v. Lynch, 810 F.3d 688, 691 (9th Cir. 2016) (a remand by the BIA to an IJ solely to consider voluntary departure does not affect the finality of the removal order for purposes of the court's jurisdiction to review). One example of the distinction between the proceedings is that courts of appeal do not have jurisdiction to review the Attorney General's discretionary decision to detain or release an alien, see 8 U.S.C. § 1226(e) & § 1231, but have jurisdiction to review a final order of removal. Another example is that pending detention issues need not be resolved for an administrative removal order to become final. Detention issues may be raised both before and after the order of removal becomes final. See 8 U.S.C. §§ 1226, 1231. Thus, detention issues do not have any effect on removal proceedings and do not affect the validity or finality of a removal order.

A final order of removal, pursuant to which an alien was previously removed, is reinstated after the alien illegally reenters the country. See 8 U.S.C. § 1231(5); 8 C.F.R. 241.8. That order was final before the alien was removed the first time. The reinstated order cannot be reviewed or reopened, see 8 U.S.C. § 1231(5), because it is already a final order. A reinstated removal order is a final removal order for purposes of detaining an alien pursuant to § 1231. Although a reinstated removal order is not final for purposes of judicial review where there are ongoing proceedings such as withholding of removal, reasonable fear, and security checks, such proceedings do not affect the finality of a reinstated removal order for purposes of resolving issues of detention.

Barrera-Romero's reinstated removal order is an administratively final order of removal for purposes of his detention.

2. <u>Detention Pursuant to § 1231</u>

Barrera-Romero is detained pursuant to § 1231(6), not § 1226, because he is an alien subject to a reinstated removal order. Section 1231(a)(6) states: "An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." Since Barrera-Romero has already been ordered removed and is inadmissible under § 1182(6)(A)(i), as "an alien present in the United States without being admitted or

paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General," he falls squarely within § 1231(a)(6). Therefore, Barrera-Romero is being detained pursuant to § 1231(a)(6).

### 3. Due Process and Reasonableness of Detention

The next issues are due process and the reasonableness of Barrera-Romero's detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Barrera-Romero argues the Respondent's failure to afford him a bond hearing under § 1226 deprived him of due process and, alternatively, that the length of his detention has been unreasonable.

Once an alien enters the country, the legal circumstance changes, because the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Although the ICE has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that § 1231 permits the detention of removable aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant to Zadvydas, detention for up to six months after the removal order becomes final is "presumptively reasonable." Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

Government must respond with evidence sufficient to rebut that showing. For the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." See Zadvydas, 533 U.S. at 701. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." See Zadvydas, 533 U.S. at 701.

Barrera-Romero's removal order was reinstated on December 15, 2014. Barrera-Romero immediately applied for withholding of removal and relief under CAT. Barrera-Romero's final removal order has not yet been executed because his withholding of removal and CAT proceedings are still ongoing.

Barrera-Romero has been afforded periodic reviews of his custody status. He has not shown how he has been denied procedural due process. Therefore, the issue is whether the delay in executing Barrera-Romero's removal order has been unreasonable.

There is no doubt that Barrera-Romero has been detained due to his own illegal action in reentering the United States. However, Barrera-Romero has a right to the legal recourse that has delayed his removal and prolonged his detention. It is noted that some of the delay in Barrera-Romero's case was caused by a remand by the BIA, and that Barrera-Romero's case is again pending before the BIA.

Barrera-Romero has been detained since about December 6, 2014, or about twenty months. Other courts have found longer periods were not unreasonable for detention during withholding of removal proceedings. See Kim v. Obama, 2010 WL 10862140 (W.D.Tex. 2012) (one-and-a-half years detention); Garcia v. Lacy, 2013 WL 3805730, *5 (S.D.Tex. 2013) (27 months' detention).

Barrera-Romero argues the IJ made serious errors in his second hearing, which are contributing to the delay. This Court does not have jurisdiction to review the IJ's decision and determine whether serious errors were made.[6] The appeal of that decision is still pending before the BIA.

Furthermore, there is no indication that the purposes of detention are not being served since no finding has been made that removal is unlikely. Even if Barrera-Romero is eligible for relief from removal to El Salvador, he may simply be removed to a third country. See 8 U.S.C. § 208.16(f). Therefore, the length of Barrera-Romero's detention is not unreasonable. Contra Diop v. ICE, 656 F.3d 221, 234 (3d. Cir. 2011) (35 months detention for withholding of removal proceedings, due in part to IJ errors, appeals, remands, and the Government's delay in securing evidence, was unreasonable).

Accordingly, Barrera-Romero's habeas petition should be denied.

---

[6] On May 11, 2005, the Real ID Act of 2005 was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005. P.L. 109-13, 2005 HR 1268. The Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), as added by § 106(a)(1)(B) of the Real ID Act, Pub.L. 109-13, and further provides that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c).

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondent's motion to dismiss (Doc. 14) be GRANTED and that Barrera-Romero's habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the Magistrate Judge is neither required nor encouraged. Timely objections will be considered by the District Judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 19 day of August 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge